Filed 10/18/24  P. v. Gonzalez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082785 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE412529) |
| TOMAS GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Selena D. Epley, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Tomas Gonzalez appeals from his four-count child molestation conviction, challenging only the trial court's imposition of a $10,000 restitution fine. Finding his claim unsupported, we affirm.

# II. BACKGROUND

After appellant repeatedly molested his minor stepdaughter, a jury convicted him of four counts of lewd acts upon a child under 14 (Pen. Code,[1] § 288, subd. (a)). The jury also found that Gonzalez had substantial sexual conduct with the victim in one of the counts.

The trial court sentenced Gonzalez to prison for 12 years and imposed various fines and assessments, including a $10,000 restitution fine (§ 1202.4, subd. (b)).[2] Gonzalez's private trial counsel requested that the trial court stay or not impose any fines or fees because Gonzalez was indigent and did not pay for his legal services. Acknowledging that Gonzalez was not working, the court referenced Gonzalez's ability to post a $400,000 bail bond and denied the request. The current appeal followed.

# III. DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Gonzalez argues the trial court erred in imposing the $10,000 restitution fine.

---

[1] All undesignated statutory references are to the Penal Code.

[2] The court also imposed a $10,000 suspended probation revocation restitution fine (§ 1202.45), a $160 court operations assessment (§ 1465.8), a $120 criminal conviction assessment (Gov. Code, § 70373), a $300 sex offender registration fine (§ 290.3), and victim restitution in an amount to be determined (§ 1202.4, subd. (f)).

2

He claims the fine is not supported by substantial evidence because he is indigent, he did not pay for his private trial counsel, and his anticipated prison wages are insufficient to pay the fine. Gonzalez further contends that his posting of bail, by itself, does not establish his ability to pay the restitution fine.

## A. Restitution Fines and Dueñas

When a defendant is convicted of a felony, the court shall impose a restitution fine between $300 and $10,000 unless there are compelling and extraordinary reasons for not doing so. (§ 1202.4, subd. (b), (b)(1).) "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).)

*Dueñas* held that criminal defendants have a due process right to an ability to pay hearing before fines and fees are imposed. (*Dueñas, supra,* 30 Cal.App.5th at pp. 1166–1172.) As for restitution fines like the one Gonzalez challenges, the court held the fine should be imposed as required under section 1202.4, subdivision (b), but stayed unless the People demonstrate that the defendant has the present ability to pay the fine.[3] (*Dueñas,* at pp. 1164, 1172.)

## B. This Court's Interpretation of Dueñas

In *People v. Kopp* (2019) 38 Cal.App.5th 47, 96, review granted November 13, 2019, S257844 (*Kopp*), we disagreed with *Dueñas* to the extent it suggests the People have the burden to prove that a defendant can pay a fine. Instead, we held, "It is the defendant who bears the burden of proving

---

[3] *Dueñas* also addressed other fines; namely, court facilities and operations assessments (§ 1465.8; Gov. Code, § 70373). (*Dueñas,* at pp. 1164–1169.) Because Gonzalez only challenges his restitution fine, we likewise limit our analysis to that issue.

an inability to pay." (*Ibid*.) We further noted a trial court is not limited to looking at a defendant's present ability to pay, but also considers a defendant's future wages. (*Ibid*.)

We also disagreed with *Dueñas*'s due process approach to restitution fines. (*Kopp, supra,* 38 Cal.App.5th at p. 96.) We determined "there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it." (*Id*. at pp. 96–97.) "[B]ecause these fines are intended to punish defendants," we held "a defendant should challenge such fines under the excessive fines clause of the Eighth Amendment of the federal Constitution," as well as the similar provision in article I, section 17 of the California Constitution. (*Kopp,* at p. 96.)

Using an Eighth Amendment analysis, the court assesses whether the fine is " 'grossly disproportional to the gravity of a defendant's offense' and thus 'excessive.' " (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061.) In making that determination, the defendant's ability to pay is only one of four factors to consider. (*Kopp, supra,* 38 Cal.App.5th at pp. 97–98.) The other three are "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; [and] (3) the penalties imposed in similar statutes." (*Id*. at p. 97.)

The California Supreme Court is currently considering *Kopp*. The questions that court will answer are: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (*People v. Kopp* (2019) 254 Cal.Rptr.3d 637.) Our Supreme Court has also granted review in related cases, including *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952, which similarly

4

applied the Eighth Amendment to evaluate fines and fees, and *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, which rejected *Dueñas*'s due process analysis.[4]

### C.    Standard of Review

" ' "We review de novo whether a fine is constitutionally excessive and therefore violates the Eighth Amendment's Excessive Fines Clause." ' " (*Lent v. California Coastal Com.* (2021) 62 Cal.App.5th 812, 856.)  However, "[w]e review the 'underlying factual findings . . . for substantial evidence, viewing the record in the light most favorable to the ruling.' " (*Id.* at p. 857.)  Those factual findings " ' "must be accepted unless clearly erroneous." ' " (*Ibid.*)

### D.    Analysis

Gonzalez's $10,000 restitution fine is punitive.  (See *Kopp, supra*, 38 Cal.App.5th at p. 96.)  Accordingly, we analyze the fine's propriety under the Eighth Amendment to the United States Constitution and its state constitutional counterpart.  (*Kopp*, at p. 96.)

In his opening brief, Gonzalez offers no argument or authority to show that his restitution fine violated the Eighth Amendment.  In failing to file a reply brief, Gonzalez also did not respond to the People's contention that the fine was not excessive under the applicable Eighth Amendment analysis. Gonzalez merely challenges his restitution fine under *Dueñas* and his ability to pay.  This challenge fails because we disagree with *Dueñas*, and Gonzalez's ability to pay is only one of four factors we must consider in assessing the fine's validity.  We interpret this as Gonzalez conceding that the other three factors we consider under the Eighth Amendment analysis support the

---

4    We subsequently agreed with *Hicks* in *People v. Cota* (2020) 45 Cal.App.5th 786, 795.

restitution fine. (See, e.g., *Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 [" 'Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived.' "].) Indeed, both Gonzalez's culpability and the harm he caused are significant because he repeatedly molested his minor stepdaughter. Nor are we aware of any other "penalties imposed in similar statutes" that would make Gonzalez's fine excessive by comparison. (*Kopp*, *supra*, 38 Cal.App.5th at p. 97.) A $10,000 fine is therefore not grossly disproportionate under these circumstances.

We also find unpersuasive Gonzalez's assertion of inability to pay. His claim of insufficient prison wages is not convincing because the court may also consider his ability " 'to earn money after his release from custody.' " (*People v. Aviles, supra,* 39 Cal.App.5th at p. 1076.) Pursuant to Gonzalez's sentencing statement in mitigation, he will have reasonable earning potential upon his release. He previously "ran a skateboard company and worked as a foreman at a low voltage company," "he plans to build off of his bachelor's degree in Entrepreneurship . . . by studying Accounting or Business Marketing," and he is focused on "starting a professional career." Further, Gonzalez's inability to pay for defense counsel is not decisive because Gonzalez may yet gather resources over time to pay his fines and fees. (See *Aviles*, at pp. 1075–1076 [" '[a] defendant may lack the "ability to pay" the costs of court-appointed counsel yet have the "ability to pay" a restitution fine' or other fees imposed by the trial court"].) Finally, as noted by the trial court, Gonzalez was able to post a $400,000 bail bond, indicating he had financial resources prior to his incarceration. On this record, Gonzalez did not carry his burden of establishing inability to pay the restitution fine.

6

We find Gonzalez's challenge to the restitution fine lacks merit.  We therefore affirm the judgment.

## IV. DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


7